AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**DARRELL CHAPMAN,**<br><br>Defendant | )<br>)<br>) Case No. 1:17-mj-535 (CFH)<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of October 18, 2017 in the county of Albany in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) | Possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). That violation involved 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(B). |

This criminal complaint is based on these facts:

☒ Continued on the attached sheet.

_____
Complainant's signature

TFO Andrew Werner, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: December 1, 2017

_____
Judge's signature

City and State: Albany, New York

Hon. Christian F. Hummel, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF A COMPLAINT

I, Andrew Werner, being duly sworn, deposes and states:

1.      I am a Senior Investigator with the New York State Police ("NYSP") and a deputized Task Force Officer ("TFO") with the Federal Bureau of Investigation ("FBI") in Albany, New York. As a TFO, I am authorized by special designation to investigate and make arrests for violations of Title 21 of the United States Code. I joined the NYSP in 1994, and have been a TFO with the FBI in Albany since September 2017. As a TFO, my duties include the investigation of drug-related criminal activity, such as crimes involving trafficking and smuggling of controlled substances.

2.      In the course of my career with the NYSP, I have received multiple trainings in drug investigations, drug identification, and drug interdiction from the NYSP, as well as a number of other state and federal law enforcement agencies. I have participated in hundreds of drug investigations and arrests, and have conducted hundreds of hours of physical surveillance of subjects engaged in the distribution of controlled substances. I have also participated in controlled purchases of controlled substances; debriefed confidential informants and witnesses concerning the distribution of controlled substances; and searched for and seized controlled substances, drug proceeds, and drug paraphernalia. As a result of my training and experience, I am familiar with the language, conduct, and customs of people engaged in the distribution of controlled substances and conspiracies to distribute controlled substances in violation of Title 21 of the United States Code.

3.      This affidavit is made in support of a criminal complaint charging Darrell CHAPMAN with a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), possession with intent to distribute a controlled substance. The statements in this affidavit are

1

based on information provided to me other law enforcement officers and my investigation of this matter. I have set forth only those facts that I believe are necessary to establish probable cause to believe that Darrell CHAPMAN has committed a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## BASIS FOR PROBABLE CAUSE

4. At approximately 2:20 a.m. on October 18, 2017, NYSP Trooper Daniel Mauro stopped a 2015 Honda CRV, New York Registration T674327C (the "Honda"), travelling northbound on Interstate 87 in the Town of Coeymans, New York, for speeding and a broken taillight. The Honda was operated by a driver working for the transportation network company Lyft, and CHAPMAN and Lacee Sousis were in the back seat, with Sousis laying on CHAPMAN. The driver told Trooper Mauro that he was a Lyft operator and that, after receiving a message from Lyft concerning the fare, he picked up CHAPMAN and Sousis in New York City and was transporting them to Albany, New York. In speaking with the driver, Trooper Mauro observed a backpack on the floor between CHAPMAN and Sousis in the back seat area of the Honda.

5. As instructed by Trooper Mauro, the driver, Sousis, and CHAPMAN exited Honda. In response to Trooper Mauro's questioning, the driver stated that he did not have anything in the Honda, but his passengers entered the Honda with bags, which were in the back seat.

6. Trooper John Knoetgen and his certified narcotics-detection canine, Hudson, arrived on the scene and conducted a free-air sniff of the Honda. After Hudson alerted to the back seat area of the Honda, the NYSP searched the rear passenger compartment. In searching the backpack observed on the floor between CHAPMAN and Sousis, the NYSP discovered a tan

substance, in brick form, wrapped in plastic, which was the only item in the backpack. The tan substance field tested positive for heroin and weighed approximately 280 grams. In my training and experience, 280 grams of heroin is indicative of distribution.

7.  On or about April 18, 1997, in the Washington County Court in Washington County, New York, CHAPMAN was convicted of Criminal Sale of a Controlled Substance in the Fifth Degree, in violation of N.Y. Penal Law § 220.31, a Class D felony, and sentenced to 2 to 6 years of imprisonment.

## CONCLUSION

8.  In light of the foregoing, I respectfully submit that this affidavit establishes probable cause to believe that Darrell CHAPMAN committed a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), possession with intent to distribute a controlled substance.

Andrew Werner
Task Force Officer
Federal Bureau of Investigation

Sworn to before me this
____ day of December, 2017

Hon. Christian F. Hummel
United States Magistrate Judge

3